[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 8, 1981 in Akron, Ohio. They have resided continuously in this state since 1986. There are two minor children issue of the marriage: Christina A. Given, born February 9, 1984; and Brian C. Given, born December 19, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties moved from Texas to Connecticut in 1986 as the husband had a job offer of approximately $50,000 per year. Unfortunately, this job fell through, not through any fault of the defendant's.
The defendant, who is 40 years of age, has a high school education and two years of college. He does not have any specific trade. He has held a variety of jobs and, after 1993, worked sporadically. At the present time he is working as a handyman and pursuing his second job as a magician. He claims to be earning a gross of $265 per week and has expenses of $533 per CT Page 5370-P week. The defendant averaged closer to $500 per week net when he worked as a sales representative for Prudential Insurance from December 1990 to April 1991.
Both parties agreed that the plaintiff supported the family from October 1993 through 1995, through the plaintiff's day care business.
The plaintiff, who is 39 years of age, has moved with the two children and has relocated to Ohio. She is presently working for her father and living with her parents. She claims a gross of $223 per week and a net of $179 per week.
The parties appeared to have had financial problems for some time. The plaintiff has had bouts of depression. She alleges infidelity on the part of her husband. The defendant claims there has been no physical relationship with his wife in the past two years. The husband had commenced a divorce action in January 1996 but did not pursue it. The wife instituted this action in March 1996.
The defendant has substantial assets, props and equipment in connection with his work as a magician which were not noted on his financial affidavit.
The court finds that the defendant is capable of earning more than $212 net per week. The defendant left the marital home in April 1996 and had to obtain a new residence for himself. He presently resides with another woman with whom he has a relationship.
Due to the turmoil of this case and his personal situation, the defendant has not applied himself toward obtaining employment or in increasing his handyman business and magician business as perhaps he could have and should have.
In the past, the defendant has earned more than $212 net per week. The court finds, based on the evidence, testimony and exhibits as presented that the defendant has an ability to earn a minimum of $300 per week plus his additional income as a magician.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marriage. CT Page 5370-Q
The court has carefully considered the statutory criteria and enters the following orders:
CUSTODY
Sole legal and physical custody of the minor children is awarded to the plaintiff. The plaintiff and the minor children currently reside in Ohio. The plaintiff shall discuss with the defendant major decisions regarding the health, education and religious training of the minor children. The defendant shall be entitled to receive report cards and medical reports relating to the minor children in a prompt manner.
VISITATION
The defendant shall be entitled to reasonable visitation with the minor children to include but not be limited to the following:
 1. Four weeks in the summer with notice by the defendant to the plaintiff by May 1 of each year regarding the weeks the defendant desires to exercise visitation.
2. One week of children's spring vacation.
 3. For Christmas 1996, the defendant shall have visitation on Christmas Day at noon until New Year's Day at noon. In 1997 and every odd year thereafter, the plaintiff shall have the children on Christmas Eve, Christmas Day and the following school vacation week.
 In the even years, the defendant shall have the first week of the Christmas school vacation commencing December 23.
 4. The defendant shall be entitled to have reasonable visitation with the minor children on such times as the defendant is in Ohio, including overnights.
 5. Such other times and holidays as the parties shall agree.
6. Telephone Contact. The defendant shall be CT Page 5370-R entitled to have reasonable telephone contact with the minor children to include but not be limited to: Thursday at 7:30 p.m. and Saturday at 9 a.m. for 30 minutes. In addition, the defendant shall be entitled to have telephone contact on such other days and times as the parties shall agree.
 7. The plaintiff was agreeable to allowing the defendant's parents, the paternal grandparents, who live in Ohio, reasonably contact with the minor children.
 8. The parties have agreed on a half-way location for the pick-up and drop-off of the minor children for visitation purposes.
CHILD SUPPORT
The present pendente lite orders of $110 per week for the support of the two minor children shall remain in effect.
In six months from date, the defendant shall report to the court as to his employment status and earnings. The defendant shall provide verification of his efforts to obtain employment, if he is still unemployed. The defendant shall prepare and file a current financial affidavit at that time. Child support shall be in accordance with the child support guidelines.
ALIMONY
The defendant shall pay to the plaintiff as alimony the sum of $25 per week to terminate on the death of the plaintiff or the defendant, the plaintiff's remarriage or cohabitation or eight years from date, whichever event shall first occur.
PERSONAL PROPERTY
1. The parties are referred to Family Relations to mediate their dispute over the personal property except for the rainbow sweeper which shall be returned to the plaintiff forthwith.
2. The 1984 Nissan motor vehicle and the 1983 Oldsmobile motor vehicle shall be the sole property of the defendant. The plaintiff shall execute any documents necessary to effectuate the transfer. CT Page 5370-S
3. The 1986 Cadillac motor vehicle shall be the sole property of the plaintiff.
MEDICAL COVERAGE
The plaintiff presently has medical coverage available through her employment and has coverage for the two minor children. The plaintiff shall continue said coverage for the minor children as is available through her employment.
The defendant shall provide medical coverage for the minor children as is available, at reasonable cost to him, through any future employment that he obtains.
The parties shall share equally all unreimbursed medical and dental expenses.
LIFE INSURANCE
Within 60 days of date, the defendant shall make reasonable efforts to obtain a life insurance policy in the minimum amount of $100,000 with a yearly premium not to excess $294 per year. The defendant shall name the plaintiff and the two minor children as irrevocable beneficiaries thereon for so long as the defendant has obligations for alimony and/or child support.
This provision shall be modifiable. The defendant shall provide proof of such coverage to the plaintiff by November 1 of each year.
ARREARS
As of September 8, 1996, the defendant is in arrears on the pendente lite orders in the amount of $550. The defendant shall pay said arrears as follows: $275 by November 1, 1996 and the balance of $275 by December 10, 1996.
DEBTS
1. The parties shall be equally responsible for the following liabilities:
1. Yale-New Haven Hospital bill for the minor children; CT Page 5370-T
2. Dr. Eisenburgh;
3. IRS debt;
4. Visa bill of $1500.
2. The defendant shall be solely responsible for the following and shall hold the plaintiff harmless therefrom:
1. Rent arrearage owed to Vitagliano;
2. Dr. Rausch;
3. Sears bill;
4. Dr. Spiesel.
3. The plaintiff shall be solely responsible for the sums owed to her parents, Mr. and Mrs. Sanzone.
ATTORNEY'S FEES
Each party shall be responsible for their respective attorney's fees.
CHANGE OF NAME
The plaintiff is granted a change of name to Sanzone.
Coppeto, J.